# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON DESHAY TAFT, III,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　　Defendants. | Case No. 1:16-cv-01822-SKO (PC)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(Doc. 1)**<br><br>**TWENTY-ONE DAY DEADLINE** |

## INTRODUCTION

**A.　Background**

Plaintiff, Leon Deshay Taft, III, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  As discussed below, Plaintiff fails to state a cognizable claim upon which relief may be granted and the Complaint is **DISMISSED** with leave to file a first amended complaint.

**B.　Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

1

paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## DISCUSSION

### A. Plaintiff's Allegations

Plaintiff is currently incarcerated at California Substance Abuse Treatment Facility ("SATF") in Corcoran, California; however, his allegations are based on circumstances that allegedly occurred at the California Correctional Institution ("CCI"), in Tehachapi, California. Plaintiff names the California Department of Corrections ("CDC"), CCI Warden P. Vasquez, and Correctional Officer B. Duran as Defendants.

Plaintiff alleges that on March 19, 2016, C/O Duran forced Plaintiff to remove his religious garment (a yarmulke) from his head without a security search protocol. On May 13, 2016, C/O Duran subjected Plaintiff to profanity, embarrassment, and humiliation for Plaintiff's use of the inmate appeals process. Plaintiff alleges that C/O Duran aggressively displayed anti-Semitic behavior and actions towards Plaintiff. Plaintiff alleges that C/O Duran's caused him serious emotional duress and deep depression for which he has required psychiatric care and medications and seeks monetary damages.

As discussed in detail below, Plaintiff fails to state any cognizable claims. He is provided the applicable legal standards for his claims and an opportunity to file an amended complaint.

### B. Pleading Requirements

#### 1. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Violations of Rule 8, at both ends of the spectrum, warrant dismissal. A violation occurs when a pleading says too little -- the baseline threshold of factual and legal allegations required

was the central issue in the *Iqbal* line of cases. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009). The Rule is also violated, though, when a pleading says *too much*. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1058 (9th Cir.2011) ("[W]e have never held -- and we know of no authority supporting the proposition -- that a pleading may be of unlimited length and opacity. Our cases instruct otherwise.") (citing cases); *see also McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir.1996) (affirming a dismissal under Rule 8, and recognizing that "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges").

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

//

Further, "repeated and knowing violations of Federal Rule of Civil Procedure 8(a)'s 'short and plain statement' requirement are strikes as 'fail[ures] to state a claim,' 28 U.S.C. § 1915(g), when the opportunity to correct the pleadings has been afforded and there has been no modification within a reasonable time." *Knapp v. Hogan*, 738 F.3d 1106, 1108-09 (9th Cir. 2013).

If he chooses to file a first amended complaint, Plaintiff should make it as concise as possible by simply stating which of his constitutional rights he believes were violated by each defendant and the factual basis for each claim. Plaintiff need not cite legal authority for his claims in a second amended complaint as his factual allegations are accepted as true. The amended complaint should be clearly legible (*see* Local Rule 130(b)), and double-spaced pursuant to Local Rule 130(c).

### 2. Linkage and Causation

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 393-94, 109 S.Ct. 1865 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

Plaintiff's allegations must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572

F.3d at 969. Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe*, 627 F.3d at 342.

### C. Legal Standards

#### 1. Eleventh Amendment Immunity

Plaintiff names the CDC as a defendant. Plaintiff may not sustain an action against the state of California. The Eleventh Amendment prohibits federal courts from hearing suits brought against an un-consenting state. *Brooks v. Sulphur Springs Valley Elec. Co.*, 951 F.2d 1050, 1053 (9th Cir. 1991); *see also Seminole Tribe of Fla. v. Florida*, 116 S.Ct. 1114, 1122 (1996); *Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Austin v. State Indus. Ins. Sys.*, 939 F.2d 676, 677 (9th Cir. 1991). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. *See Natural Resources Defense Council v. California Dep't of Tranp.*, 96 F.3d 420, 421 (9th Cir. 1996); *Brooks v. Sulphur Springs Valley Elec. Co.*, 951 F.2d 1050, 1053 (9th Cir. 1991); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); *Mitchell v. Los Angeles Community College Dist.*, 861 F.2d 198, 201 (9th Cir. 1989). "Though its language might suggest otherwise, the Eleventh Amendment has long been construed to extend to suits brought against a state by its own citizens, as well as by citizens of other states." *Brooks*, 951 F.2d at 1053 (citations omitted). "The Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief is legal or equitable in nature." *Id.* (citation omitted). Because the CDC is a state agency, it is immune to Plaintiff's claims under the Eleventh Amendment.

#### 2. Religion Claims

Prisoners "do not forfeit all constitutional protections by reason of their conviction and confinement in prison." *Bell v. Wolfish*, 441 U.S. 520, 545, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). Inmates retain the protections afforded by the First Amendment, "including its directive that no law shall prohibit the free exercise of religion." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987) (citing *Cruz v. Beto*, 405 U.S. 319, 322 (1972) (per curiam)). However, "

'[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.' " *Id*. (quoting *Price v. Johnston*, 334 U.S. 266, 285 (1948)). Plaintiff's allegations that C/O Duran required him to remove his Yarmulke (on apparently one occasion, for an undefined length of time) and subjected Plaintiff to harassment, threats, and "anti-Semitic behavior," are too conclusory and do not state a cognizable claim. *Iqbal*, 556 U.S. at 678.

### a. First Amendment -- Free Exercise

The First Amendment is applicable to state actions by incorporation through the Fourteenth Amendment. *Everson v. Bd. of Educ. of Ewing Twp.*, 330 U.S. 1, 8 (1947). "The right to exercise religious practices and beliefs does not terminate at the prison door[,]" *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir.1987) (citing *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 348, 107 S.Ct. 2400 (1987)), but a prisoner's right to free exercise of religion "is necessarily limited by the fact of incarceration," *Ward v. Walsh*, 1 F.3d 873, 876 (9th Cir.1993) (citing *O'Lone*, 482 U.S. at 348, 107 S.Ct. 2400). The Free Exercise Clause of the First Amendment is "not limited to beliefs which are shared by all of the members of a religious sect." *Holt v. Hobbs*, --- U.S. ---, 135 S.Ct. 853, 862 (2015) (quoting *Thomas v. Review Bd. of Indiana Employment Security Div.*, 450 U.S. 707, 715-716, 101 S.Ct. 1425 (1981)).

A person asserting a free exercise claim must show that the government action in question substantially burdens the person's practice of her religion. *Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015) citing *Graham v. C.I.R.*, 822 F.2d 844, 851 (9th Cir.1987), aff'd sub nom. *Hernandez v. C.I.R.*, 490 U.S. 680, 699, 109 S.Ct. 2136 (1989). "A substantial burden . . . place[s] more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Ohno v. Yasuma*, 723 F.3d 984, 1011 (9th Cir.2013) (quoting *Guru Nanak Sikh Soc'y of Yuba City v. Cnty. of Sutter*, 456 F.3d 978, 988 (9th Cir.2006) (internal quotation marks and alterations omitted)).

"To ensure that courts afford appropriate deference to prison officials," the Supreme Court has directed that alleged infringements of prisoners' free exercise rights be "judged under a

6

'reasonableness' test less restrictive than that ordinarily applied to alleged infringements of fundamental constitutional rights." *O'Lone*, 482 U.S. at 349, 107 S.Ct. 2400. The challenged conduct "is valid if it is reasonably related to legitimate penological interests." *Id*. (quoting *Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254 (1987)). "[T]he availability of alternative means of practicing religion is a relevant consideration" for claims under the First Amendment. *Holt v. Hobbs*, --- U.S. ---, 135 S.Ct. 853, 862 (2015).

### b. RLUIPA

A prisoner's ability to freely exercise his religion is also protected by the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). 42 U.S.C. § 2000cc-1. RLUIPA protects "'any exercise of religion, whether or not compelled by, or central to, a system of religious belief,' §2000cc-5(7)(A), but of course, a prisoner's request for an accommodation must be sincerely based on a religious belief and not some other motivation." *Holt*, 135 S.Ct. at 862 (citing *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. ---, 134 S.Ct. 2751, 2774, n. 28 (2014)). RLUIPA defines "religious exercise" to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." § 2000cc-5(7)(A). Like the Free Exercise Clause of the First Amendment, RLUIPA is "not limited to beliefs which are shared by all of the members of a religious sect." *Holt*, 135 S.Ct. at 862 (quoting *Thomas v. Review Bd. of Indiana Employment Security Div.*, 450 U.S. 707, 715-716, 101 S.Ct. 1425 (1981)).

Section 3 of RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability," unless the government shows that the burden is "in furtherance of a compelling government interest" and "is the least restrictive means of furthering . . . that interest." 42 U.S.C. § 2000cc–1(a) (2012).

A "substantial burden" occurs "where the state . . . denies [an important benefit] because of conduct mandated by religious belief, thereby putting substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Warsoldier v. Woodford*, 418 F.3d 989, 995 (9th Cir.2005) (alteration in original) (quotation omitted). RLUIPA provides greater protection than the First Amendment's alternative means test. *Holt* , 135 S.Ct. at 862. "RLUIPA's 'substantial

burden' inquiry asks whether the government has substantially burdened religious exercise . . . , not whether the RLUIPA claimant is able to engage in other forms of religious exercise." *Id.*

"Context matters in the application of" the compelling governmental interest standard. *Cutter v. Wilkinson*, 544 U.S. 709, 722–23 (2005) (alteration in original) (internal quotation and citation omitted). "RLUIPA contemplates a " ' "more focused" ' " inquiry and " ' "requires the Government to demonstrate that the compelling interest test is satisfied through application of the challenged law 'to the person' -- the particular claimant whose sincere exercise of religion is being substantially burdened." ' " *Holt*, 135 S.Ct. at 863 (quoting *Hobby Lobby*, 134 S.Ct., at 2779 (quoting *Gonzales v. O Centro Espirita Beneficiente Unio do Vegetal*, 546 U.S. 418, 430-431 (2006) (quoting § 2000bb–1(b)))). RLUIPA requires courts to " 'scrutiniz[e] the asserted harm of granting specific exemptions to particular religious claimants' " and "to look to the marginal interest in enforcing" the challenged government action in that particular context. *Hobby Lobby*, 134 S.Ct., at 2779 (quoting *O Centro*, 126 S.Ct. 1211; alteration in original).

"The least-restrictive-means standard is exceptionally demanding," and requires the government to "sho[w] that it lacks other means of achieving its desired goal without imposing a substantial burden on the exercise of religion by the objecting part[y]." *Hobby Lobby*, 134 S.Ct., at 2780. "[I]f a less restrictive means is available for the Government to achieve its goals, the Government must use it." *United States v. Playboy Entertainment Group, Inc.*, 529 U.S. 803, 815, 120 S.Ct. 1878 (2000).

"Courts are expected to apply RLUIPA's standard with due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with consideration of costs and limited resources." *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1124-25 (9th Cir. 2013) (citing *Cutter*, 544 U.S. at 723) (internal quotation marks omitted).

Damages claims are not available under the RLUIPA against prison officials in either their individual capacity, *Wood v. Yordy*, 753 F.3d 899 (9th Cir. 2014), or in one's official capacity because of sovereign immunity, *Sossamon v. Texas*, --- U.S. ---, 131 S.Ct. 1651 (2011); *Alvarez v. Hill*, 667 F.3d 1061, 1063 (9th Cir. 2012).

8

### c. Fourteenth Amendment -- Equal Protection

"The Equal Protection Clause requires the State to treat all similarly situated people equally." *Furnace v. Sullivan*, 705 F.3d 1021, 1030-31 (9th Cir. 2013) quoting *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir.2008) (citation omitted). This does not mean, however, that all prisoners must receive identical treatment and resources. *See Cruz*, 405 U.S. at 322 n. 2; *Ward v. Walsh*, 1 F.3d 873, 880 (9th Cir. 1993); *Allen v. Toombs*, 827 F.2d 563, 568-69 (9th Cir. 1987).

To prevail on an Equal Protection claim brought under § 1983, a plaintiff must show either that he was intentionally discriminated against on the basis of his membership in a protected class, *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005), or that similarly situated individuals were intentionally treated differently for no rational basis. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Squaw Valley Development Co. v. Goldberg*, 75 F.3d 936, 944 (9th Cir. 2004). The first step in determining whether prison officials violated an inmate's right to equal protection is to identify the relevant class to which he belonged. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir.2005). "The groups must be comprised of similarly situated persons so that the factor motivating the alleged discrimination can be identified." *Id.* at 1167.

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *San Antonio School District v. Rodriguez*, 411 U.S. 1 (1972); *Squaw Valley Development Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir.2004); *SeaRiver Mar. Fin. Holdings, Inc. v. Mineta*, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) plaintiff is a member of an identifiable class; (2) plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. *Village of Willowbrook*, 528 U.S. at 564. If an equal protection claim is based upon the defendant's selective enforcement of a valid law or rule, a plaintiff must show that the selective enforcement is based upon an "impermissible motive." *Squaw Valley*, 375 F.3d at 944; *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1187 (9th

Cir.1995).

An equal protection claim will not lie by "conflating all persons not injured into a preferred class receiving better treatment" than the plaintiff. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005) quoting *Joyce v. Mavromatis*, 783 F.2d 56, 57 (6th Cir.1986). To state a claim, a plaintiff must allege facts sufficient to support the claim that prison officials intentionally discriminated against him on the basis of his religion by failing to provide him a reasonable opportunity to pursue his faith compared to other similarly situated religious groups. *Cruz*, 405 U.S. at 321-22; *Shakur*, 514 F.3d at 891; *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003); *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001); *Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997), *overruled in part on other grounds* by *Shakur*, 514 F.3d at 884-85.

### 3. Retaliation

Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so. *Waitson v. Carter*, 668 F.3d 1108, 1114-1115 (9th Cir. 2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir.2009). A retaliation claim has five elements. *Id.* at 1114.

First, the plaintiff must allege that the retaliated-against conduct is protected. *Id.* The filing of an inmate grievance is protected conduct, *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005), as are the rights to speech or to petition the government, *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). Second, the plaintiff must show the defendant took adverse action against the plaintiff. *Rhodes*, at 567. Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct. *Waitson*, 668 F.3d at 1114. Fourth, the plaintiff must allege that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Robinson*, 408 F.3d at 568 (internal quotation marks and emphasis omitted). "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," *Brodheim*, 584 F.3d at 1269, that is "more than minimal," *Robinson*, 408 F.3d at 568 n.11. Fifth, the plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the

correctional institution. . . ." *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir.1985).

It bears reiterating that while Plaintiff need only allege facts sufficient to support a plausible claim for relief, the mere possibility of misconduct is not sufficient, *Iqbal*, 556 U.S. at 678-79, and the Court is "not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Thus, Plaintiff's mere allegation that he engaged in protected activity, without knowledge resulting in animus by C/O Duran, is insufficient to show that Plaintiff's protected activity was the motivating factor behind C/O Duran's offending actions.

Further, though the harassment and threats in which Plaintiff alleges C/O Duran engaged, may suffice to show adverse action for a retaliation claim, it is not cognizable without meeting the other elements of a retaliation claim. *See Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (mere verbal harassment or abuse, including the use of racial epithets, is not sufficient to state a constitutional deprivation under section 1983; *see also Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (threats do not rise to the level of a constitutional violation).

### 4. Emotional Distress

Section 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of title 18, United States Code)." 42 U.S.C. § 1997e(e). The Ninth Circuit has recognized that "[i]n drafting § 1997e(e), Congress failed to specify the type, duration, extent, or cause of 'physical injury' that it intended to serve as a threshold qualification for mental and emotional injury claims." *Oliver v. Keller*, 289 F.3d 623, 626 (9th Cir.2002). "[F]or all claims to which it applies, 42 U.S.C. § 1997e(e) requires a prior showing of physical injury that need not be significant, but must be more than *de minimis*." *Id.*, 289 F.3d at 627. Thus, Plaintiff must allege some form of physical injury or sexual assault which *caused* his mental or emotional injury. Plaintiff's allegations that C/O Duran's harassing and threatening actions caused him anxiety and nervousness do not suffice. For 1997e(e) purposes, physical injury must occur *before* the alleged mental or emotional injury -- not as a result thereof. Plaintiff alleges neither physical

injury, nor sexual assault, as a precipitating factor of his mental or emotional injuries necessitating dismissal of his claim for compensatory damages.

### 5. Cruel and Unusual Punishment

Plaintiff generally states that C/O Duran violated his rights under the Eight Amendment as he was deliberately indifferent and subjected Plaintiff to cruel and unusual punishment.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). No matter where they are housed, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted). To establish a violation of the Eighth Amendment, the prisoner must "show that the officials acted with deliberate indifference. . . ." *Labatad v. Corrections Corp. of America*, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002).

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer* at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id.* at 837; *Anderson v. County of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995).

Objectively, extreme deprivations are required to make out a conditions of confinement claim and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Although the Constitution " 'does not mandate comfortable prisons,' " *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes*, 452 U.S. at 349), "inmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time," *Howard*, 887 F.2d at 137. Some conditions of confinement may establish an Eighth Amendment violation "in combination" when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise -- for example, a low cell temperature

at night combined with a failure to issue blankets. *Wilson*, 501 U.S. at 304-05(comparing *Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir. 1979) (outdoor exercise required when prisoners otherwise confined in small cells almost 24 hours per day), with *Clay v. Miller*, 626 F.2d 345, 347 (4th Cir. 1980) (outdoor exercise not required when prisoners otherwise had access to dayroom 18 hours per day)). To say that some prison conditions may interact in this fashion is far from saying that all prison conditions are a seamless web for Eighth Amendment purposes. *Id.* Amorphous "overall conditions" cannot rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists. *Id.* Further, temporarily unconstitutional conditions of confinement do not necessarily rise to the level of constitutional violations. *See Anderson*, 45 F.3d 1310, *ref. Hoptowit*, 682 F.2d at 1258 (*abrogated on other grounds by Sandin*, 515 U.S. 472 (in evaluating challenges to conditions of confinement, length of time the prisoner must go without basic human needs may be considered)).

Subjectively, if an objective deprivation is shown, a plaintiff must show that prison officials acted with a sufficiently culpable state of mind, that of "deliberate indifference." *Wilson*, 501 U.S. at 303; *Labatad*, 714 F.3d at 1160; *Johnson*, 217 F.3d at 733. "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir.2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)). To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. *Farmer*, 511 U.S. at 842; *Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir. 1995).

Plaintiff's generally allegation that C/O Duran was deliberately indifferent and subjected Plaintiff to cruel and unusual punishment are too conclusory and fail to state a cognizable Eighth Amendment claim. *Iqbal*, 556 U.S. at 678.

### 6. Supervisory Liability

It appears that Plaintiff named Warden Vasquez as a Defendant based on his supervisory position. Generally, supervisory personnel are not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* -- when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under this theory, Plaintiff must allege some facts to support a claim that supervisory defendants either personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

To show this, "a plaintiff must show the supervisor breached a duty to plaintiff which was the proximate cause of the injury. The law clearly allows actions against supervisors under section 1983 as long as a sufficient causal connection is present and the plaintiff was deprived under color of law of a federally secured right." *Redman v. County of San Diego*, 942 F.2d 1435, 1447 (9th Cir. 1991)(internal quotation marks omitted)(abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1994).

"The requisite causal connection can be established . . . by setting in motion a series of acts by others," *id*. (alteration in original; internal quotation marks omitted), or by "knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury," *Dubner v. City & Cnty. of San Francisco*, 266 F.3d 959, 968 (9th Cir.2001). "A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir.1998) (internal alteration and quotation marks omitted). To be liable in a

supervisorial capacity, Plaintiff must first state cognizable claims against Warden Vasquez's subordinates, which as discussed above, Plaintiff has not done.

## **ORDER**

For the reasons set forth above, Plaintiff's Complaint is dismissed with leave to file a first amended complaint within **twenty-one (21) days**. If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than **twenty-one (21) days** from the date of service of this order.

Plaintiff must demonstrate in any first amended complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980). The first amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's first amended complaint should be brief. Fed. R. Civ. P. 8(a). Such a short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. 127, 555 (2007) (citations omitted).

Plaintiff is further reminded that an amended complaint supercedes the original, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's Complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **twenty-one (21) days** from the date of service of this order, Plaintiff must file a first amended complaint curing the deficiencies identified by the Court in this order or a notice of voluntary dismissal; and
4. **If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order and for failure to state a cognizable claim**.

IT IS SO ORDERED.

Dated:  **June 28, 2017**                       /s/ *Sheila K. Oberto*
                                                UNITED STATES MAGISTRATE JUDGE