# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON DESHAY TAFT, III,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECITONS, et al.,<br><br>Defendants. | Case No. 1:16-cv-01822-SKO (PC)<br><br>**ORDER DISMISSING ACTION FOR PLAINTIFF'S FAILURE TO STATE A CLAIM, OBEY THE COURT'S ORDERS, AND TO PROSECUTE THIS ACTION**<br><br>**(Docs. 1, 10, 11)** |

Plaintiff, Leon Deshay Taft, III, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On June 29, 2017, the Court issued an order finding that Plaintiff failed to state any cognizable claims, dismissing the Complaint, and granting leave for Plaintiff to file a first amended complaint within twenty-one (21) days. (Doc. 10.)

More than twenty-one (21) days have passed without Plaintiff having filed an amended complaint or otherwise responded to the Court's screening order. Thus, on August 9, 2017, an order issued for Plaintiff to show cause within twenty-one (21) days why the action should not be dismissed based on his failure to comply with the Court's June 29, 2017 screening order and to prosecute the action; alternatively, Plaintiff was allowed to file a first amended complaint, or a voluntary dismissal. (Doc. 11.) Over a month has lapsed without any response from Plaintiff to either of these orders.

//

1

As noted in the order to show cause, the Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules). Plaintiff appears to have abandoned this action, justifying dismissal.

Accordingly, **IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice because of Plaintiff's failure to state a cognizable claim, as well has Plaintiff's failure to prosecute this action and obey the Court's June 29, 2017, and August 9, 2017, orders.

IT IS SO ORDERED.

Dated:  **September 19, 2017**                    /s/ *Sheila K. Oberto*
                                                                   UNITED STATES MAGISTRATE JUDGE